■ HENRY PEARCE et al., Copartners Doing Business under the Name of PEARCE, MAYER AND GREER, Respondents, v. JOHN RACANELLI et al., Copartners Doing Business under the Name of RACANELLI BROTHERS, Defendants-Appellants and Third-Party Plaintiffs-Appellants. HYMAN SHANOK, Third-Party Defendant-Respondent.— Judgment granted under rule 113 of the Rules of Civil Practice unanimously modified, on the law, summary judgment in favor of plaintiffs against defendants denied, and so much of the judgment as dismissed the third-party complaint against the third-party defendant and denied defendants' motion for summary judgment affirmed, with costs of the appeal to defendants against plaintiffs and to the third-party defendant against the third-party plaintiffs. The undisputed facts provide no basis in law for indemnification of the sellers by the buyer, because the buyer's obligation was always conditional upon title passing. As between the brokers and the sellers, if the proof were confined, as perhaps it may eventually be, to the several documents, then an unconditional substitution of a new, but unperformed, agreement for the payment of a commission by the buyer would have been made out and no commission would be owed by the sellers. A different interpretation, however, may be justified by proof, if otherwise competent (and on that the court does not now pass), of the surrounding circumstances. Moreover, on the appeal sellers have not persisted in their demand for summary judgment in their favor but argue that there are issues of fact to be tried. Concur — Breitel, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. COSTENZE P. VALENTI, Appellant, against SHERIFF OF THE CITY OF NEW YORK and/or WARDEN OF THE NEW YORK COUNTY CIVIL JAIL, Respondent.— Order unanimously reversed on the law and the facts and in the exercise of discretion, the writ of habeas corpus is sustained, and the bail exonerated. Had relator-appellant originally given the answers and explanations now offered, his testimony could not be said to be so false and evasive as to present " not the slightest probability of truthfulness ". (Cf. Matter of Commission of Investigation v. Lombardozzi, 9 A D 2d 95, 98; People ex rel. Miranda v. McCloskey, 9 A D 2d 751.) It may well be, as respondent contends, that the testimony offered at the last hearing was tailored to fit the pattern of this court's opinion in People ex rel. Valenti v. McCloskey (8 A D 2d 74, affd. 6 N Y 2d 390); but it cannot be held to be so palpably and transparently a fabrication as to be deemed a continued refusal to answer, warranting further commitment under section 406 of the Civil Practice Act. Concur — Botein, P. J., Breitel, Valente, Stevens and Bergan, JJ.

■ In the Matter of BELLA GERTNER, Appellant, against LEFFERT HOLZ, as Superintendent of Insurance of the Department of Insurance of the State of New York, Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, McNally and Bergan, JJ.